UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS TURNER,<br><br>    Plaintiff,<br> v.<br><br>HALSTED FINANCIAL SERVICES, LLC,<br><br>    Defendants. | Case No. 1:23-cv-01200-JLT-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. 21) |

Plaintiff is a resident and citizen of Tulare County, California. (Doc. 13 at ¶ 5.) He brings this action against Halsted Financial Services, LLC, an Illinois limited liability company with its principal place of business located in Skokie, Illionis, alleging violations of various federal and state laws in connection with its collection of a credit card debt that was alleged owed by Plaintiff. Pending before this Court is Defendant's Motions to Dismiss. (Doc. 25.) For the reasons set forth below, the Court **GRANTS** the motion with leave to amend.

### I. BACKGROUND

"Resurgent Companies" is a group of purported shell companies, among which is LVNV Funding, LLC. (Doc. 13 at ¶¶ 21–24.) These companies purchase large portfolios of consumer debt and transfer them to each other through "Transfer and Assignment" agreements. (*Id*. at ¶ 25.) According to Plaintiff, while those agreements "appear at first glance to be legitimately hand-signed agreements," they are "bogus" documents with signatures "cut-and-pasted" into thousands of documents. (*Id*. at ¶¶ 26–31.)

1

1    Plaintiff had maintained a personal credit card with Credit One Bank, N.A., which he used
2    for personal, non-business-related purposes.  (Doc. 13 at ¶¶ 17–19.)  On June 29, 2023, Halsted
3    sent an email (hereinafter, the "Alleged Email") to Plaintiff, (*id*. at ¶ 20), attempting to collect
4    debt on behalf of LVNV, (*see* Doc. 24 at 7; Doc. 21-1 at 10).
5    The subject line of the Alleged Email states, "Marcus Turner, reminder of outstanding
6    balance on your Credit One Bank, N.a. [sic.] account."  (Doc. 29 at 5.)  The body of the Alleged
7    Email states, among other things, that LVNV is the current creditor to whom the alleged debt is
8    owed, as well as Plaintiff's account number with the original creditor, Credit One.  (*Id*. at 6.)  The
9    Alleged Email also offers "up to $86.44 off" of the amount purported owed by Plaintiff.  (*Id*.)
10   The Alleged Email further states, "It is the policy of LVNV Funding LLC, the current creditor, to
11   delete the tradeline upon satisfaction of an account that they have reported."  (*Id*.; Doc. 13 at
12   ¶ 77.)  Parts of this Alleged Email are included below.





(Doc. 29 at 5–6.)

In his First Amended Complaint, Plaintiff advances three claims. (Doc. 13) First, Plaintiff alleges that Defendant "Halsted attempted to collect money from Mr. Turner on behalf of an entity [(i.e., LVNV)] that had no legal right to take [Plaintiff]'s money[.]" (Doc. 24 at 7; *see also* Doc. 13 at ¶¶ 49–64.) Second, Plaintiff alleges that "in attempting to take the money,

1  [Defendant] utilized confusing and deceptive [email] in its communications with [Plaintiff.]"
2  (Doc. 24 at 7; *see also* Doc. 13 at ¶¶ 65–84.)  Third, Plaintiff argues that, because Defendant
3  "violated the [Fair Debt Collection Practices Act ("FDCPA")], it also violated the [California
4  Rosenthal Fair Debt Collection Practices Act ("RFDCPA")] as a matter of law."  (Doc. 24 at 7;
5  *see also* Doc. 13 at ¶¶ 85–88.)  Defendant moved to dismiss the entire FAC on November 22,
6  2023.  (Doc. 21.)

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plausibility inquiry is a "context-specific task that requires [this Court] to draw on its judicial experience and common sense," *id*. at 679, and "'draw all reasonable inferences in favor of the nonmoving party[,]'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)).  "Conclusory allegations and unreasonable inferences," however, "do not provide [] a basis" for determining a plaintiff has plausibly stated a claim for relief.  *Coronavirus Reporter v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023) (citation omitted).

## III. DISCUSSION

### A. First Cause of Action

Plaintiff alleges under the first cause of action that Halsted violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(10), and 1692f when it attempted to collect a debt on behalf of LVNV.  (Doc. 13 at ¶¶ 49–64.) Plaintiff alleges that he does not owe any money to LVNV, and that any document that purports to "establish[] LVNV's right to payment from Plaintiff [is] a complete sham."  (Doc. 24 at 20.)

#### 1. <u>15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)</u>

"A debt collector may not use any false, deceptive, or misleading representation or means

4

1   in connection with the collection of any debt." 15 U.S.C. § 1692e; *see also* 15 U.S.C.
2   § 1692e(2)(A) (specifying that any false representation of the character, amount, or the legal
3   status of any debt constitutes a violation of § 1692e(2)(A)); 15 U.S.C. § 1692e(10) (specifying
4   that "[t]he use of any false representation or deceptive means to collect or attempt to collect any
5   debt or to obtain information concerning a consumer" constitutes a violation of § 1692e).

6       "To determine whether a debt collector is liable for a violation of § 1692e, [courts] apply
7   an objective standard that 'takes into account whether the least sophisticated debtor would likely
8   be misled by a communication.'" *Davis v. Hollins Law,* 832 F.3d 962, 964 (9th Cir. 2016)
9   (citation omitted). "This is a legal, not a factual, determination." *Stimpson v. Midland Credit*
10  *Mgmt., Inc.*, 944 F.3d 1190, 1196 (9th Cir. 2019). The Ninth Circuit has previously explained:

> The least sophisticated debtor is distinguished from the ordinary, reasonable person by being financially unsophisticated. Such a debtor is comparatively uninformed and naive about financial matters and functions as an average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence. Even so, the debtor has rudimentary knowledge about the financial world. While financially unsophisticated, this debtor is not the least intelligent consumer in this nation of 300 million people. Rather, the debtor grasps the normal, everyday meaning of words, and is capable of making basic logical deductions and inferences. The least sophisticated debtor is not unreasonable, and has a basic level of understanding and willingness to read with care. In short, the least sophisticated debtor is reasonable and functional, but lacks experience and education regarding financial matters.

19  *Id*. (internal citations and quotation marks omitted) (cleaned up).

20      To begin with, as Defendant points out, the Alleged Email "contain[s] language indicating
21  that the debt collection was on behalf of the current creditor, LVNV, which clearly demonstrates
22  [] Plaintiff's indebtedness to LVNV." (Doc. 21-1 at 13; *see also* Doc. 29 at 6.) Plaintiff,
23  however, argues that "he does not owe any money to LVNV" because "the document that . . .
24  establishes LVNV's right to payment from Plaintiff [is] a complete sham." (Doc. 24 at 20
25  (citations to the record omitted).) Plaintiff's argument regarding "sham" document rests on the
26  fact that numerous documents allegedly had signatures that were "clearly lifted and then cut-and-
27  pasted onto each of the documents." (Doc. 24 at 21.) Thus, without the "sham" document,
28  Plaintiff argues that Defendant has no "independent right" to demand payment on behalf of

5

1  LVNV.  (*Id*. at 22.)  In response, Defendant argues that the "sample of . . . bogus documents,"
2  (Doc. 13 at ¶ 34), proffered by Plaintiff support nothing more than an "unsubstantiated
3  accusation" and that the documents do "not reveal any abusive or unfair debt collection
4  practices," (Doc. 21-1 at 13, 15).

5        This Court agrees with Defendant to the extent that using an identical signature across
6  multiple documents proves next to nothing—it is not unusual to have identical signature across
7  countless documents in the digital age, nor is it inherently wrongful to have "robo-signed," (Doc.
8  13 at ¶ 26), signatures.  Indeed, this Court has seen many instances where one person creates a
9  single hand-signed signature that is then digitally affixed on to countless documents—and
10 Plaintiff cites to no legal authority as to why such practice is not permissible.  Nor has Plaintiff
11 plausibly alleged that digitally affixing the same signature over hundreds of documents suggest
12 fraudulent or illicit conduct.

13       2.   15 U.S.C. § 1692f

14     The FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to
15 collect any debt."  15 U.S.C. § 1692f.  Section 1692f lists examples of conduct such as collection
16 of an amount that is not expressly authorized by agreement or law, solicitation of any postdated
17 instrument for the purpose of threatening criminal prosecution and causing charges to be made to
18 the consumer by concealing the true purpose of the communication.  The Court struggles to see
19 how the first cause of action is analogous to any of the statutorily enumerated examples of "unfair
20 or unconscionable means to collect or attempt to collect any debt."  Nor has Plaintiff offered any
21 explanation as to how the first cause of action implicates § 1692f.

22       3.   15 U.S.C. § 1692d

23     Under Section 1692d of the FDCPA, a debt collector "may not engage in any conduct the
24 natural consequence of which is to harass, oppress, or abuse any person in connection with the
25 collection of a debt."  15 U.S.C. § 1692d.  Plaintiff alleges no facts and points to no case law
26 suggesting that the Alleged Email resembles violence or threat of violence, obscene language, or
27 any of the examples of prohibited conduct enumerated in § 1692d.  Plaintiff therefore fails to
28 make a plausible claim under this section.

In sum, the first cause of action rests on an unsupported argument that it is legally impermissible to digitally affixing the same hand-written signature to multiple documents; nor has Plaintiff plausibly alleged that such practice suggests fraudulent or other illicit conduct. Accordingly, the Court **DISMISSES** Plaintiff's first cause of action **with leave to amend**. *See Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (explaining that a district court must give a plaintiff at least one chance to amend a deficient complaint unless there is a clear showing that amendment would be futile).

**B. Second Cause of Action**

The second cause of action alleges that Defendant, in connection with its efforts to collect money from Plaintiff, violated §§ 1692e, 1692e(10), and 1692f.  (Doc. 13 at ¶¶ 65–84.)

1. <u>15 U.S.C. §§ 1692e and 1692e(10)</u>

To be actionable under § 1692e and any relevant subsections thereof, the debt collector must have made a false, misleading, or otherwise deceptive representation, and "the false or misleading representation must be 'material.'" *Gonzalez v. L. Off. of Allen Robert King*, 195 F. Supp. 3d 1118, 1129 (C.D. Cal. 2016) (citing *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011))).

First, the Alleged Email states, in part, that "[i]t is the policy of LVNV Funding LLC, the current creditor, to delete the tradeline upon satisfaction of an account that they have reported." (Doc. 29 at 6; Doc. 13 at ¶ 77.)  Plaintiff argues that a least sophisticated consumer would be confused by whether "upon satisfaction" in the Alleged Email "means payment of the full balance of the alleged debt or . . . the settlement offer[]."  (Doc. 13 at ¶ 82.)  In response, Defendant argues that the Alleged Email is an "ordinary" email "offer[ing] information and the opportunity to settle a debt for less," which is "wholly compliant" with industry practice and is "in no way [] deceptive."  (Doc. 21-1 at 15–16.)

The Court agrees with Defendant.  Intuitively, when a person pays the amount indicated on a settlement or compromise offer, the dispute is over—and the Court struggles to see why a least sophisticated consumer would believe that he or she needs to pay for the full outstanding balance rather than the amount indicated on the settlement offer.  Plaintiff offers no meaningful

1  argument and cites to no evidence or case law suggesting the contrary.  Therefore, the Court finds
2  that the Alleged Email seems to be an ordinary "communication from a debt collector offering to
3  settle a debt originally incurred with [Credit One]. Plaintiff cannot convert an otherwise lawful
4  [email] into something else simply by focusing on a hyper-technical reading of certain phrases
5  [like "upon satisfaction"] out of context." *See Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp.
6  3d 1064, 1078 (N.D. Cal. 2015).

7        Second, Plaintiff appears to argue that a least sophisticated debtor would be confused as to
8  whether Defendant was attempting to collect money on behalf of Credit One rather than LVNV.
9  (Doc. 13 at ¶ 80.)  Defendant, in response, argues that the Alleged Email is an "ordinary" email
10 that is "very clear" about "to whom the Debt was owed to."  (Doc. 21-1 at 15.)

11       The Court notes that the Alleged Email expressly states that LVNV is the "[c]urrent
12 [c]reditor [t]o [w]hom [d]ebt [i]s [o]wed[,]" (Doc. 29 at 6)—and courts have "presumed that
13 debtors have 'a basic level of . . . willingness to read [the relevant documents] with care,'" *Davis*,
14 832 F.3d at 964 (quoting *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299
15 (3d Cir. 2008) (second alteration in original)).  As such, the Court finds that "[a] person who is
16 unsophisticated regarding financial matters, but is still 'capable of making basic logical
17 deductions and inferences,'" would read the Alleged Email in full and understand that LVNV is
18 the current holder of Plaintiff's outstanding debt with Credit One.  *See Stimpson*, 944 F.3d at
19 1197 (quoting *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009))).

20       In any event, "Plaintiff identifies no evidence suggesting that knowing the ultimate
21 recipient of one's debt payments is information that is *material* to a consumer's ability to
22 intelligently choose her response to the [Alleged Email]. There is furthermore no evidence to
23 suggest that a consumer would reap some benefit from paying off debts held by [Credit One] that
24 []he would not otherwise receive by paying off debts held by [LVNV]." *See Gold*, 82 F. Supp. 3d
25 at 1076 (emphasis added).  The Court therefore finds that "Plaintiff has failed to demonstrate that
26 a mistaken understanding" as to whether LVNV or Credit One is the current debtor "would be so
27 material as to mislead the least sophisticated debtor in violation of 15 U.S.C. § 1692e(10)." *See*
28 *id*.

### 2. 15 U.S.C. § 1692f

Finally, the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f lists examples of conduct such as collection of an amount that is not expressly authorized by agreement or law, solicitation of any postdated instrument for the purpose of threatening criminal prosecution, and causing charges to be made to the consumer by concealing the true purpose of the communication. However, nothing in the Alleged Email comes anywhere close to any of the statutorily enumerated examples of "unfair or unconscionable means to collect or attempt to collect any debt." Nor has Plaintiff advanced any argument explaining how the content of the Alleged Email implicates § 1692f.

For these reasons, the Court **DISMISSES** Plaintiff's second cause of action **with leave to amend**.

### C. Third Cause of Action

Plaintiff further alleges, under the third cause of action, that Defendant's conduct violated Cal. Civ. Code §§ 1788.13(k) and 1788.17—i.e., the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act" or "RFDCPA"). (Doc. 13 at ¶¶ 85–88.)

"California has adopted a state version of the FDCPA, called the [RFDCPA]. The [RFDCPA] mimics or incorporates by reference the FDCPA's requirements[] . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (internal citations omitted). Therefore, whether there is a violation of the RFDCPA turns on whether there is a violation of the FDCPA—and because the Court has already determined that Plaintiff fails to state a FDCPA claim upon which relief can be granted, the same disposition is warranted here. Accordingly, the Court also **DISMISSES** Plaintiff's third cause of action **with leave to amend**.

### CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

(1) Defendants' Motion to Dismiss (Doc. 22) is **GRANTED IN PART**.

(2) Plaintiff's first, second, and third causes of action are **DISMISSED WITH LEAVE**

**TO AMEND**. Any amended complaint shall be filed within 30 days of the date of this order. Any response thereto **SHALL** be filed within 21 days of the amendment.

Failure to file a second amended complaint will result in the Court dismissing the matter with prejudice.

IT IS SO ORDERED.

Dated:    **December 1, 2025**

  _____
  UNITED STATES DISTRICT JUDGE