**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCUS TURNER,<br><br>                    Plaintiff,<br>          v.<br><br>HALSTED FINANCIAL SERVICES, LLC,<br><br>                    Defendants. | Case No. 1:23-cv-01200-JLT-EPG<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO FILE AN AMENDED COMPLAINT |

On December 1, 2025, the Court granted Defendant's motion to dismiss the first amended complaint and gave Plaintiff 30 days to file any amended complaint. (Doc. 30.) The order advised that "[f]ailure to file a second amended complaint will result in the Court dismissing the matter with prejudice. (*Id*. at 10.) Nearly four months have passed, and Plaintiff has failed to file an amended complaint or anything further in this case. Without any complaint, the action cannot proceed before the Court.

In finding dismissal is appropriate, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.");

1

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff has stalled this action by not filing an amended complaint, the third factor also supports dismissal. Finally, the Court's warning to Plaintiff that the matter would be dismissed satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to file an amended complaint. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the Court **ORDERS**:

      1.     This action is **DISMISSED** with prejudice.

      2.     The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

    Dated:   **March 27, 2026**

                                              _Jennifer L. Thurston_
                                          UNITED STATES DISTRICT JUDGE